COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-01-477-CR
 
JEROME R. JOHNSON           
           
           
           
           
APPELLANT
V.
THE STATE OF TEXAS           
           
           
           
           
    STATE
------------
FROM THE 297
TH DISTRICT COURT OF
TARRANT COUNTY
------------
MEMORANDUM
OPINION(1)
------------
Appellant Jerome R. Johnson appeals from his convictions for aggravated
robbery with a deadly weapon and aggravated assault with a deadly weapon. At the
guilt/innocence stage, appellant waived his Fifth Amendment right against
self-incrimination and testified during the defense's case. After the defense
rested, the trial court permitted the State to introduce rebuttal evidence.
Appellant was not called to testify during this portion of the case. In his sole
point, he argues that, as a result of the State being permitted to introduce
rebuttal evidence, his trial counsel was ineffective for failing to object to
the trial court's failure to include a jury instruction regarding his Fifth
Amendment right not to testify during rebuttal and an instruction that no
adverse inference may be drawn from that election. We affirm.
We apply a two-pronged test to ineffective assistance of counsel
claims. Strickland v. Washington, 466 U.S. 668, 687, 104
S. Ct. 2052, 2064 (1984); Thompson v. State, 9 S.W.3d 808,
812 (Tex. Crim. App. 1999). First, appellant must show that his counsel's
performance was deficient; second, appellant must show the deficient performance
prejudiced the defense. Strickland, 466 U.S. at 687, 104
S. Ct. at 2064.
"[C]ounsel is strongly presumed to have rendered adequate
assistance and made all significant decisions in the exercise of reasonable
professional judgment." Id. at 690, 104 S. Ct. at
2066. An allegation of ineffective assistance must be firmly founded in the
record, and the record must affirmatively demonstrate the alleged
ineffectiveness. Thompson, 9 S.W.3d at 814. Our scrutiny
of counsel's performance must be highly deferential, and every effort must be
made to eliminate the distorting effects of hindsight. Strickland,
466 U.S. at 689, 104 S. Ct. at 2065.
There is no evidence in the record indicating why appellant's trial
counsel did not object to the trial court's failure to provide the jury with a
no-adverse- inference instruction. See Thompson,
9 S.W.3d at 814. Furthermore, counsel's decision not to emphasize appellant's
lack of testimony during rebuttal was a matter of trial strategy. See
Calderon v. State, 950 S.W.2d 121, 132 (Tex. App.--El Paso 1997, no pet.); see
also Cuba v. State, 905 S.W.2d 729, 733 (Tex. App.--Texarkana 1995, no
pet.) (stating that once defendant voluntarily takes the stand he is subject to
examination within the rules of evidence "on any aspect of the case, and on
direct or on recall") (emphasis added). We overrule
appellant's sole point.
We affirm the trial court's judgment.
 
                                                           
PER CURIAM
PANEL F: DAY, HOLMAN, and GARDNER, JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
[DELIVERED: MARCH 20, 2003]

1. See Tex. R. App. P. 47.4.